**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

**DANNY HATFIELD, MARTHA BROWNING,
BONNIE BREEDING RUNYON,
SHEILA MILLER, CHRIS COHENOUR,
TINA COHENOUR, JARED CALLOWAY,
STEWART JOHNSON, JOSHUA VANCE,
and BILL GILKERSON.**

        **Plaintiffs,**

        **v.**                        **CIVIL ACTION NO.**  3:25-cv-00714

**TRANSGAS DEVELOPMENT SYSTEMS,
LLC; U.S. ARMY CORPS OF ENGINEERS
– Huntington District; U.S. FISH &
WILDLIFE SERVICE; FEDERAL
ENERGY REGULATORY COMMISSION.**

        **Defendants.**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

Plaintiffs, DANNY HATFIELD, MARTHA BROWNING, BONNIE BREEDING RUNYON, SHEILA MILLER, CHRIS COHENOUR, TINA COHENOUR, JARED CALLOWAY, STEWART JOHNSON, JOSHUA VANCE, and BILL GILKERSON ("Plaintiffs") bring this action for declaratory and injunctive relief to prevent the commencement of construction activities for the "Adams Fork Energy" project ("Project") proposed by TransGas Development Systems ("TransGas") in Mingo County, West Virginia.[1] As alleged below, the Project cannot lawfully proceed because multiple federal and state requirements—Endangered Species Act §7 consultation, Clean Water Act §404 permitting, National Environmental Policy Act review, federal natural-gas pipeline approvals, and required local land-use authorization—have not been satisfied.

---

[1] https://adamsforkenergy.com/

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), because this action arises under the laws of the United States, including the Endangered Species Act, Clean Water Act, National Environmental Policy Act, and Natural Gas Act.

2.      This Court has personal jurisdiction over TransGas pursuant to W. Va. Code § 56-3-33, because TransGas is transacting business in West Virginia through its development of the Adams Fork Energy Project.

3.      This Court is the proper venue for this case pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and the property that is the subject of the action is situated in this district.

4.      This Court has authority to grant declaratory and injunctive relief under 28 U.S.C. §2201, 2202, and ESA §11(g), CWA §505, and the APA.

5.      Venue is proper in the Huntington Division under 28 U.S.C. §1391(b) because the federal agency actions giving rise to the claims (the failure to issue a §404 permit, failure to conduct ESA consultation, and failure to conduct NEPA review) occur in Cabell County, located in the Huntington Division.

6.      Venue is also proper under 28 U.S.C. §1391(e)(1) because the defendants are federal agencies.

## PARTIES

1.      Plaintiffs are West Virginia residents who live, recreate, work, or conduct environmental observation within the affected watershed areas surrounding the Adams Fork Energy project footprint. Plaintiffs' aesthetic, recreational, ecological, and scientific interests will be harmed by unlawful construction, stream impacts, increased air emissions, habitat degradation, and the loss or impairment of endangered species.

2.      Defendant TransGas Development Systems, LLC is the project developer proposing a 117-engine power plant and ammonia facility with associated data centers near Wharncliffe and the Mingo–Logan County line.

3.      Defendant U.S. Army Corps of Engineers (USACE) is responsible for issuing Clean Water Act §404 permits for dredge-and-fill activities. On information and belief, USACE has not issued any §404 permit for this Project.

4.      Defendant U.S. Fish & Wildlife Service (FWS) is the federal agency responsible for ESA §7 consultation regarding adverse effects to listed species that may be impacted by federal permitting actions related to the Project.

5.      Defendant Federal Energy Regulatory Commission (FERC) is the federal agency that must review and approve interstate natural-gas pipeline facilities needed to supply the Project, making it an action agency whose required ESA and NEPA obligations are directly implicated.

## FACTUAL ALLEGATIONS

1.      TransGas proposes to construct a large gas-powered ammonia plant, powered by 117 massive dual-fuel natural gas/diesel engines that together constitute a fossil-fuel electric generating facility.

2.      The Project's ammonia plant will be powered by two large natural-gas-fired power plants, which together function as a self-contained "micro-grid" that generates its own electricity rather than using the public utility grid.

3.      In October 2025, West Virginia DEP (DEP) issued Construction Permit R13-3714 authorizing 117 engines, each with a design capacity over of 28,000 horsepower—more powerful than engines used in most freight trains.[2]

4.      The permit approves the plans for the construction of an industrial-scale power plant sold as a "data center," including on-site fuel combustion, exhaust stacks, and continuous emission from a dedicated micro-grid.

5.      The permit approves over 200 tons per year of regulated pollutants, making the Project legally a "major source" of air pollution under the Clean Air Act. 40 C.F.R. §70.2.

6.      The ammonia plant in the Project consists of 117 giant combustion engines[3] (of which 114 engines will operate at any one time) that burn gas and diesel 24 hours a day, 7 days a

---

[2] Page 16 of 10/2/20225 DEP Permit R13-3714 to TransGas. See: "Emission Unit Description." The chart titled "Emission Units" approves 117 engines each with 28,194 horsepower.
[3] *Id*.

week.[4] The permit includes no hourly limits on the emissions described in the permit.[5] The sheer magnitude of these annual emissions implies that the engines will burn gas and diesel 24/7.

7.      The authorized air pollutants in the TransGas permit include:[6]

    a.  Nitrogen oxide (194.3 annual tons)

    b.  Carbon monoxide (205.62 annual tons)

    c.  Volatile organic compounds (116.59 annual tons)

    d.  Particulate matter (186.53 annual tons)

    e.  Sulfur dioxide (9.93 annual tons)

    f.  Total hazardous air pollutants (0.86 annual tons)

    g.  Benzene (0.45)

8.      Per the Environmental Protection Agency (EPA), the effects of these pollutants range from potential serious respiratory problems such as aggravated asthma, coughing, reduced lung function, headaches and dizziness, chest plain, damage to the neurological and reproductive systems, and other long-term health problems.

9.      On information and belief, TransGas intends to commence ground disturbance activities necessary to construct the Project's facilities, as the company has obtained state-level construction permits and publicly presented two project locations at the September 18, 2025 WVDEP meeting.[7]

10.     The Project, as proposed, implicates multiple environmental concerns requiring federal review because it will emit large quantities of air pollutants from 117 high-horsepower engines, alter or disturb jurisdictional streams and mine-drainage channels affecting downstream water quality, and occur in habitat used by federally protected species.

11.     West Virginia is home to numerous federally listed endangered and threatened species protected under the Endangered Species Act, including bats, crayfish, and several rare mussel and salamander species;[8] the Guyandotte Crayfish is on the endangered species list, and the Big Sandy Crayfish is on the threatened list. Both are native to and prevalent – the Gilbert area, along the Tug

---

[4] Page 16 of 24 of 10/2/2025 DEP Permit R13-3715 to TransGas. See §4.1.5 – Maximum Aggregate Total Annual Emissions from the Engines.

[5] *Id.* If the plant were not permitted to run 24/7, the annual pollutant list would be much smaller than the +100 tons listed on page 16, because the "tons per year" (describing emissions) would be based on fewer hours.

[6] Page 4 of 10/2/20225 DEP Permit R13-3714.

[7] *See* West Virginia Department of Environmental Protection, "Adams Fork Energy Project – Public Meeting Presentation" (Sept. 18, 2025), at pp. 11 (showing the Twisted Gun location in Wharncliffe)

[8] https://wvdnr.gov/plants-animals/rare-threatened-endangered-species/

Fork and Guyandotte watersheds and their tributaries, Gilbert Creek and Ben Creek. Moreover, the endangered Grey Bat and Northern long-eared bat roost in forests, caves, and mines in Mingo, Logan, and Boone Counties.

12.    The Project requires the following federal actions that have not been initiated or completed, including:

      a.    ESA §7 consultation prior to any federal authorization that may affect listed species or critical habitat;

      b.    CWA §404 permit for dredge and fill in jurisdictional streams, wetlands, and former mine drainage channels;

      c.    NEPA review (EA/EIS) prior to issuance of any federal permit; and

      d.    FERC approvals for new or expanded pipeline infrastructure needed to supply natural gas to 117 engines.

13.    As of the date of this filing, and upon information and belief, and after reviewing all publicly available federal permitting databases (including the USACE ORM permit system, FERC's E-Library, and the FWS IPaC systems), no federal agency has initiated or received any application for the required ESA consultation, CWA §404 permitting, NEPA review, or Natural Gas Act pipeline approval for this Project.

14.    WVDEP publicly presented detailed project materials and facility descriptions at the September 18, 2025 WVDEP meeting, reflecting that core engineering and design decisions for the Project are already well-developed and moving the Project toward a construction-ready phase.

15.    Unless enjoined, TransGas will continue advancing its planning, design, and pre-construction commitments that irreversibly narrow the federal agencies' options under the ESA, NEPA, and Clean Water Act, thereby causing the precise procedural and environmental harm these statutes are designed to prevent.

### CLAIMS FOR RELIEF

### COUNT I – Violation of the Endangered Species Act §7
### (Against USACE, FWS, and TransGas)

16.    Plaintiffs incorporate all prior allegations.

17.    ESA §7(a)(2) requires federal agencies to consult with US FWS before issuing any permit, authorization, or approval that may affect endangered or threatened species or their critical habitat.

18.     The Project requires federal actions, including Clean Water Act §404 authorization and federal approval of interstate pipeline infrastructure—triggering mandatory ESA §7 consultation.

19.     As of the date of this filing, and upon information and belief, and after reviewing all publicly available federal permitting databases (including the FWS IPaC system), no federal agency has initiated or completed ESA §7 consultation for the Project. Continued advancement of the Project prior to consultation violates ESA §7(a)(2) and the prohibition in §7(d) on irreversible or irretrievable commitments of resources.

20.     Plaintiffs are entitled to injunctive relief halting construction pending full ESA compliance.

### COUNT II – Violation of the Clean Water Act §404
### (Against USACE and TransGas)

21.     Plaintiffs incorporate all prior allegations.

22.     The Project requires placement of fill, grading, culvert installation, and other disturbances to jurisdictional streams, wetlands, and mine-drainage channels on the former mine site, activities that may not lawfully proceed without a §404 permit from USACE.

23.     As of the date of this filing, and upon information and belief, and after reviewing all publicly available federal permitting databases (including the USACE ORM permit system, FERC's E-Library, and the FWS IPaC systems), no federal agency has initiated or received any application for the required ESA consultation, CWA §404 permitting, NEPA review, or Natural Gas Act pipeline approval for this Project. Any ground disturbance without one violates the CWA.

24.     Plaintiffs are entitled to injunctive relief preventing any dredge or fill activity until a valid §404 permit has been issued in compliance with federal law.

### COUNT III – Violation of NEPA (APA §706)
### (Against USACE, FWS, and any federal agency issuing approvals)

25.     Plaintiffs incorporate all prior allegations.

26.     NEPA requires an Environmental Assessment or Environmental Impact Statement before any "major federal action significantly affecting the quality of the human environment."

27.     Issuance of a §404 permit, pipeline authorization, or related federal approvals for this Project would constitute a major federal action.

28.     No NEPA analysis has been conducted.

29.     Federal agencies' failure to perform NEPA review is arbitrary, capricious, and contrary to law under the APA.


**COUNT IV – Violation of the Natural Gas Act / Failure to Obtain Required Pipeline Approvals**
**(Against FERC)**

30.     Plaintiffs incorporate all prior allegations.

31.     Supplying 117 industrial engines requires new or expanded federally regulated pipeline capacity.

32.     Construction, modification, or extension of interstate natural-gas facilities requires a FERC certificate and associated PHMSA compliance.

33.     As of the date of this filing, and upon information and belief, and after reviewing all publicly available federal permitting databases (including the USACE ORM permit system, FERC's E-Library, and the FWS IPaC systems), no federal agency has issued any such approvals. Any federal authorization issued without full NGA and APA compliance would be unlawful.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.     Issue a temporary restraining order immediately prohibiting TransGas from proceeding with any ground-disturbing or project-advancing activities related to the Adams Fork Energy Project until a hearing can be held on Plaintiff's request for a preliminary injunction;

3.     Declare that the federal defendants' failure to initiate required ESA consultation, NEPA review, CWA §404 permitting, and NGA pipeline review is unlawful under those statutes and the Administrative Procedure Act;

4.     Issue a permanent injunction prohibiting TransGas from proceeding with the Adams Fork Energy Project prohibiting TransGas from proceeding with the Adams Fork Energy Project unless and until all federal agencies have completed legally required ESA consultation, NEPA review, CWA §404 permitting, and NGA pipeline review;

5.     Award Plaintiff its reasonable attorneys' fees and costs pursuant to 16 U.S.C. § 1540(g)(4), 33 USC §1365(d), and 28 USC §2412; and

6.     Grant such other relief as the Court deems just and proper.

DATED: December 3, 2025

Respectfully submitted,

DANNY HATFIELD

By Counsel,


_/s/Stephen P. New_____
Stephen P. New (WVSB #7756)
STEPHEN P. NEW & ASSOCIATES
430 Harper Park Drive
P.O. Box 5516
Beckley, WV 25801
Telephone: (304) 250-6017
Facsimile: (304) 250-6012
steve@newlawoffice.com