IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DANNY HATFIELD,
MARTHA BROWNING,
SHEILA MILLER,
CHRIS COHENOUR,
TINA COHENOUR,
JARED CALLOWAY,
STEWART JOHNSON,
JOSHUA VANCE, and
BILL GILKERSON,

        Plaintiffs,

v.              CIVIL ACTION NO. 3:25-0714

TRANSGAS DEVELOPMENT SYSTEMS, LLC,
U.S. ARMY CORPS OF ENGINEERS – Huntington District,
U.S. FISH & WILDLIFE SERVICE,
FEDERAL ENTERGY REGULATORY COMMISSION,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

  Before the Court are Plaintiffs' Motion for Preliminary Injunction (ECF 4) and Motion for a Temporary Restraining Order (ECF 5). The Court **DENIES** both motions **without prejudice** because Plaintiffs failed to (1) satisfy the notice requirements of Federal Rule of Civil Procedure 65, (2) establish that they are likely to succeed on the merits, and (3) establish that they are likely to suffer irreparable harm in the absence of preliminary relief.

  **I.**  **Notice Requirements**

  Federal Rule of Civil Procedure 65 governs the issuance of preliminary injunctions and temporary restraining orders. Rule 65(a)(1) provides that a "court may issue a preliminary

injunction only on notice to the adverse party." A temporary restraining order, in contrast, may issue without notice to the defendants, but only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Nothing indicates that the defendants in this action have received notice of Plaintiffs' motions. Both motions include a Certificate of Service, which attests that "the CM/ECF system . . . will send notification of [Plaintiffs'] filing[s] to all counsel of record." ECF 4 at 11; ECF 5 at 7. However, since no defendants have entered an appearance in this action, this statement does not demonstrate that any defendants have received notice of the motions.

Regarding the Motion for a Temporary Restraining Order, Plaintiffs have not filed any affidavit or verified complaint. Nor has Plaintiffs' counsel certified his efforts to give Defendants notice of the Motion. His statement that "Plaintiffs will provide prompt notice of this motion to all Defendants upon filing through the CM/ECF system," ECF 5 at 7, is inadequate. It does not assert that Defendants have already received notice—only that they will at some point in the future. Also, it neither explains how Plaintiffs' counsel will give Defendants notice nor who he will contact to provide such notice.

## II.    Likelihood of Success on the Merits

A plaintiff seeking a temporary restraining order must establish that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Frazier v. Prince George's County*, 86 F.4th 537, 543 (4th Cir. 2023) (citing *Winter v. Nat. Res.*

*Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

Plaintiffs have not established that they are likely to succeed on the merits. They do not explain why TransGas's projects will require a Clean Water Act (CWA) permit. Their assertion that the projects "require[] placement of fill, grading, culvert installation, and other disturbances to jurisdictional streams, wetlands, and mine-draining channels," Compl. at 6, is not supported by any factual allegations.

Nor do Plaintiffs provide any factual support for the claim that the projects will involve the "[c]onstruction, modification, or extension of interstate natural-gas facilities," *id.* at 7, and therefore require Federal Energy Regulatory Commission approval under the Natural Gas Act (NGA).

Since Plaintiffs have not established that TransGas must obtain federal approval to begin construction, they have not established that the projects require Natural Environmental Policy Act (NEPA) review or an Endangered Species Act (ESA) § 7 consultation; NEPA and § 7 consultation requirements only attach to federal-agency decisions. *See Flint Ridge Dev. Co. v. Scenic Rivers Ass'n of Ok.*, 426 U.S. 776, 785 (1976) (NEPA); 16 U.S.C. § 1536(a)(3) (ESA § 7).

**III.  Irreparable Harm**

Nor have Plaintiffs established that they are likely to suffer irreparable harm in the absence of preliminary relief. Their Complaint and Motions lack detailed allegations regarding the status of TransGas's projects. Also, they do not adequately explain why "further activity would frustrate the federal agencies' ability to evaluate reasonable alternatives under the ESA, NEPA, CWA, and NGA." ECF 5 at 3; *see also* ECF 4 at 6. Finally, the Court does not understand how TransGas "obtain[ing] a state construction permit, publicly release[ing] detailed engineering plans, and advance[ing] project design and siting decisions . . . narrow federal agencies' lawful alternatives,

frustrate required ESA consultation, and undermine NEPA's requirement that agencies retain full decision-making discretion." ECF 4 at 5. Plaintiffs do not cite specific facts from those sources to explain why and how they might affect any necessary federal permitting.

### IV. Conclusion

The Court **DENIES** Plaintiffs' Motion for Preliminary Injunction (ECF 4) and Motion for a Temporary Restraining Order (ECF 5) and **without prejudice**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: December 23, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE