UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

DANNY HATFIELD,
MARTHA BROWNING.
BONNIE BREEDING RUNYON,
SHEILA MILLER,
CHRIS COHENOUR,
TINA COHENOUR,
JARED CALLOWAY,
STEWART JOHNSON,
JOSHUA VANCE, and
BILL GILKERSON,

      Plaintiffs,

v.                                      CIVIL ACTION NO. 3:25-cv-00714

TRANSGAS DEVELOPMENT SYSTEMS, LLC,
U.S. ARMY CORPS OF ENGINEERS – Huntington District,
U.S. FISH & WILDLIFE SERVICE, and
FEDERAL ENERGY REGULATORY COMMISSION,

      Defendants.

**DEFENDANT TRANSGAS DEVELOPMENT SYSTEMS, LLC'S MEMORANDUM OF
LAW IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), Defendant TransGas

Development Systems, LLC ("TransGas") respectfully requests this Court dismiss the Plaintiffs'

Complaint for Declaratory and Injunctive Relief ("the Complaint" or ECF 1) with prejudice for

failure to state a claim upon which relief may be granted. TransGas states as follows for its

Memorandum of Law in Support of Its Motion to Dismiss Plaintiffs' Complaint.

**PLAINTIFFS' ALLEGATIONS**

The Plaintiffs allege that TransGas "is the project developer proposing a 117-engine power

plant and ammonia facility with associated data centers near Wharncliffe and the Mingo-Logan

County line." ECF 1 at 2. The Plaintiffs are "West Virginia residents who live, recreate, work, or

1

conduct environmental observation within the affected watershed areas surrounding the Adams Fork Energy project," and allege they will suffer various damages related to the Adams Fork project. ECF 1 at 2. The Complaint also names as Defendants the United States Army Corps of Engineers (the "USACE"), the United States Fish & Wildlife Service (the "USFWS"), and the Federal Energy Regulatory Commission (the "FERC")[1]. ECF 1 at 3. The Complaint alleges that the federal Defendants violated the Clean Water Act, the Endangered Species Act, and the National Environmental Policy Act. ECF 1 at 3.

More specifically, the Complaint alleges that TransGas plans to build a gas-powered ammonia plant powered by 117 dual-fuel natural gas and diesel engines and that the TransGas project will be powered by two natural gas-fired power plants "which together function as a self-contained 'micro-grid' that generates its own electricity rather than using the public utility grid." ECF 1 at 3.

The Complaint acknowledges that the West Virginia Department of Environmental Protection (the "WVDEP") issued Construction Permit R13-3714 in October 2025 to TransGas and explicitly notes that "[t]he permit approves the plans for the construction." ECF 1 at 3. Elsewhere in the Complaint, the Plaintiffs acknowledge that "the company has obtained state-level construction permits" and solicited public comment at a September 18, 2025 WVDEP meeting. ECF 1 at 4.

The Complaint lists the air pollutants (and the amount of emissions permitted for each) TransGas is allowed to emit from its facility, but does not allege that the permit violates state or federal air pollution control statutes. ECF 1 at 4. Instead, the Complaint alleges that the Adams Fork project "implicates multiple environmental concerns requiring federal review because it will

_____

[1] Collectively referred to in this Memorandum as the "federal Defendants."

emit large quantities of air pollutants from 117 high-horsepower engines, alter or disturb jurisdictional streams and mine-drainage channels affecting downstream water quality, and occur in habitat used by federally protected species." ECF 1 at 4. The Complaint does not allege that TransGas is violating any of the statutory regimes implicated by those allegations. Further, the Complaint does not allege *how* TransGas is currently violating any provision of any of the statutory regimes cited in the Complaint.

The Complaint alleges that the following actions should have already taken place, without alleging how or why any of these programs apply to the project described in the Complaint:

> [t]he Project requires the following federal actions that have not been initiated or completed, including:
>
> a.  ESA §7 consultation prior to any federal authorization that may affect listed species or critical habitat;
> b.  CWA §404 permit for dredge and fill in jurisdictional streams, wetlands, and former mine drainage channels;
> c.  NEPA review (EA/EIS) prior to issuance of any federal permit; and
> d.  FERC approvals for new or expanded pipeline infrastructure needed to supply natural gas to 117 engines.

ECF 1 at 5.

The Plaintiffs advance two claims against TransGas: the first is "Violation of the Endangered Species Act § 7" ("Count One"). Specifically, the Plaintiffs allege that "ESA §7(a)(2) requires federal agencies to consult with US FWS before issuing any permit, authorization, or approval that may affect endangered or threatened species or their critical habitat." ECF 1 at 5. They allege that the Adams Fork project requires such consultation and that such consultation has not been undertaken. ECF 1 at 6.

The second of Plaintiffs' claims against TransGas is "Violation of the Clean Water Act § 404" ("Count Two"). That Count alleges that "The Project requires placement of fill, grading, culvert installation, and other disturbances to jurisdictional streams, wetlands, and mine-drainage

3

channels on the former mine site, activities that may not lawfully proceed without a §404 permit from USACE." ECF 1 at 6. The Plaintiffs allege that "no federal agency has initiated or received any application for the required ESA consultation, CWA §404 permitting, NEPA review, or Natural Gas Act pipeline approval for this Project. Any ground disturbance without one violates the CWA." ECF 1 at 6. The Plaintiffs do not allege any set of facts that show any of those statutory regimes apply in this matter or that any of them have been violated by TransGas or any other Defendant.[2]

For relief, the Plaintiffs seek a temporary restraining order prohibiting TransGas from undertaking "ground-disturbing or project-advancing activities," a permanent injunction "prohibiting TransGas from proceeding with the Adams Fork Energy Project unless and until all federal agencies have completed legally required ESA consultation, NEPA review, CWA § 404 permitting, and NGA pipeline review." ECF 1 at 7. The Plaintiffs seek attorneys' fees and costs. ECF 1 at 7.

### STANDARD OF REVIEW

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) or (6) must be granted if it appears the plaintiff cannot establish any facts in support of their claim which would entitle them to relief. *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011); *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). While a complaint is viewed in the light most favorable to the plaintiff, and its allegations taken as true, without sufficient facts to support its claims, the complaint must be dismissed. Occasionally, the issues surrounding a 12(b)(1) motion based on

---

[2] The Plaintiffs also allege violations of the National Environmental Policy Act § 706 against the USACE, the USFWS, "and any federal agency issuing approvals," and violations of the Natural Gas Act against the FERC. TransGas is not implicated in either Count Three or Four and, accordingly, addresses neither in this Memorandum.

subject matter jurisdiction and standing are inextricably intertwined with the underlying 12(b)(6) motion. *Kerns*, 585 F.3d 187, 192. Accordingly, both are treated simultaneously for purposes of this Memorandum.

Here, not only do the Plaintiffs fail to set forth sufficient facts to state a claim upon which relief can be granted, but they fail to set forth any facts sufficient to show they have suffered an injury-in-fact related to a violation of one of the statutory regimes pleaded in their Complaint sufficient to establish subject matter jurisdiction. In fact, the Plaintiffs fail to allege even that any of those regimes have been violated by TransGas or any other Defendant.

The Plaintiffs fail to meet even the most liberal of pleading standards, and, as such, the Complaint should be dismissed with prejudice for failure to state a claim.

## ARGUMENT

**Counts One and Two of the Plaintiffs' Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or (6) as against TransGas because, as a matter of law, the Plaintiffs have not pleaded an injury-in-fact nor suffered an injury-in-fact and they have failed to adequately allege violation of either the Endangered Species Act or the Clean Water Act.**

This Court should dismiss Counts One and Two of the Plaintiffs' Complaint ("the ESA Claim" and "the CWA claim") as against TransGas because the Plaintiffs lack standing. Specifically, the Plaintiffs lack standing because they do not allege that they have suffered actual harm-in-fact related to actions TransGas has undertaken, they have not *in fact* suffered harm, nor are they likely to suffer harm imminently. In their Complaint, the Plaintiffs advance no reasonable allegation that TransGas has violated the Endangered Species Act or the Clean Water Act or that TransGas will violate either of the Acts in the future.

Article III of the United States Constitution empowers federal courts to decide "Cases" and "Controversies." U.S. Const. Art. III, § 2. Standing to sue is a doctrine rooted in the traditional

5

understanding of this limitation on federal court jurisdiction. Article III imposes "the requirement that the plaintiff's injury in fact be 'concrete'—that is, 'real, and not abstract.'" *Spokeo, Inc. v. Robins*, 578 U. S. 330, 340, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016) (internal citations omitted).

The "irreducible constitutional minimum of standing" requires a plaintiff to show (1) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury would likely be redressed by judicial relief. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

At the outset, this Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Plaintiffs haven't alleged with any identifiable particularity the manner in which the ESA or § 404 of the CWA currently apply to this matter. Nothing in the Plaintiffs' Complaint, or in the Adams Fork project itself, implicates application of either the ESA or § 404 of the CWA. The Plaintiffs have not made any allegation about *how* either of those statutory regimes apply in this matter. Their mere assertion that they "may" or "should" is insufficient.

The Supreme Court of the United States has recently examined standing in the context of statutory schemes that give plaintiffs the right to sue for alleged statutory violations, such as the ESA and CWA, at issue in the instant matter. The Court held that, "Courts must afford due respect to Congress's decision to impose a statutory prohibition or obligation on a defendant, and to grant a plaintiff a cause of action to sue over the defendant's violation of that statutory prohibition or obligation." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425, 141 S. Ct. 2190, 2204, 210 L. Ed. 2d 568 (2021) (citing *Spokeo* at 340–341, 136 S.Ct. 1540). But the Court explicitly rejected the proposition that "a plaintiff automatically satisfies the injury-in-fact requirement whenever a

6

statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *TransUnion* at 594 U.S. 413, 426 (citing *Spokeo*, 578 U. S., at 341, 136 S.Ct. 1540). "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* The Court stated further that "Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id*. at 594 U.S. 413, 426–27.

The case at hand implicates that very requirement for standing: demonstration of a concrete injury-in-fact as part of a statutory regulatory and enforcement scheme. In this case, the Adams Fork project does not currently require Endangered Species Act review or approval. Further, it is indisputable that the Adams Fork project does not currently require Clean Water Act § 404 review and approval. The Plaintiffs do not allege any facts in their Complaint that give rise to a finding that any violation of either the ESA or CWA has occurred. Simply put, the Plaintiffs have filed a Complaint that includes references to a number of federal and state environmental laws, but does not explain how any of them apply in this case and doesn't explain how any of them are injured by the application or non-application of the laws.

Again, at bottom, Plaintiffs simply aren't permitted to simply allege that the ESA or that § 404 of the CWA *may* or *should* apply and, therefore, that the project should be enjoined from construction and operation pursuant to lawful permits.

The Plaintiffs plainly *expect* that TransGas will violate federal or state law and that the Adams Fork project should be halted based on the Plaintiffs' mere suspicions that the project will somehow violate environmental laws. Rest assured, if TransGas violates the Endangered Species Act, the appropriate authorities will take action. Further, if TransGas violates the West Virginia Water Pollution Control Act and the Clean Water Act and dredges jurisdictional waters, whether

7

they be state or federal, then WVDEP inspectors will discover the unlawful act and act in coordination with the USEPA. It is a core value of American jurisprudence that conduct is sanctioned only after it occurs and that citizens need not fear judicial enforcement relating to the mere suggestion of potential future wrongdoing.

To the contrary of the Plaintiffs' suspicions and expectations, however, TransGas fully complies with applicable environmental permitting processes related to the Adams Fork project. As noted in the Complaint, the WVDEP approved TransGas' applications for air permits. Furthermore, to the extent the Adams Fork project requires water-related permits, it has obtained or will obtain the required authorizations. The WVDEP has primary enforcement authority in this realm, which means it is the appropriate authority for reviewing this project and determining what state and federal laws apply. In this instance, it is clear that the West Virginia Water Pollution Control Act governs the activity set to take place at Adams Fork. Additionally, TransGas lawfully obtained or will obtain authorization to conduct construction activity pursuant to the West Virginia Water Pollution Control Act.

In sum, the Plaintiffs fail to allege sanctionable conduct that has taken place. Accordingly, this Court should grant TransGas' Motion to Dismiss because the Plaintiffs failed to demonstrate sufficient injury-in-fact to establish standing to sue.

## CONCLUSION

The Plaintiffs' Complaint fails to state any claim for which relief may be granted, and as such, TransGas Development Systems, LLC respectfully requests this Court dismiss Plaintiff's Complaint as against TransGas with prejudice.

Dated: January 15, 2026.

**DEFENDANT TRANSGAS DEVELOPMENT SYSTEMS, LLC By counsel,**

/s/ Jason Wandling
Jason Wandling (WVSB 9259)
David L. Yaussy (WVSB INSERT)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East
Charleston, West Virginia 25301
Office: 304-340-3857
Mobile: 304-553-1405
jwandling@spilmanlaw.com
dyaussy@spilmanlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON DIVISION**

**DANNY HATFIELD,**
**MARTHA BROWNING.**
**BONNIE BREEDING RUNYON,**
**SHEILA MILLER,**
**CHRIS COHENOUR,**
**TINA COHENOUR,**
**JARED CALLOWAY,**
**STEWART JOHNSON,**
**JOSHUA VANCE, and**
**BILL GILKERSON,**

      **Plaintiffs,**

**v.**                                                                 **CIVIL ACTION NO. 3:25-cv-00714**

**TRANSGAS DEVELOPMENT SYSTEMS, LLC,**
**U.S. ARMY CORPS OF ENGINEERS – Huntington District,**
**U.S. FISH & WILDLIFE SERVICE, and**
**FEDERAL ENERGY REGULATORY COMMISSION,**

      **Defendants.**

**CERTIFICATE OF SERVICE**

I certify that on this 15th day of January 2026, I served "DEFENDANT TRANSGAS

DEVELOPMENT SYSTEMS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS RULE

12(B)(1) and (6) MOTION TO DISMISS" using the Court's CM/ECF system, which will

automatically notify all parties or counsel of record, and emailed this document to Plaintiff's email

address of record at:

    Stephen P. New (WVSB 7756)
    Stephen P. New & Associates
    430 Harper Park Dr.
    P.O. Box 5516
    Beckley, WV 25801
    Phone: 304-250-6017
    Fax:   304-250-6012
    Email: steve@newlawoffice.com

/s/ Jason Wandling
Jason Wandling (WVSB 9259)