UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

DANNY HATFIELD,
MARTHA BROWNING.
BONNIE BREEDING RUNYON,
SHEILA MILLER,
CHRIS COHENOUR,
TINA COHENOUR,
JARED CALLOWAY,
STEWART JOHNSON,
JOSHUA VANCE, and
BILL GILKERSON,

    Plaintiffs,

v.                                                CIVIL ACTION NO. 3:25-cv-00714

TRANSGAS DEVELOPMENT SYSTEMS, LLC,
U.S. ARMY CORPS OF ENGINEERS – Huntington District,
U.S. FISH & WILDLIFE SERVICE, and
FEDERAL ENERGY REGULATORY COMMISSION,

    Defendants.

### DEFENDANT TRANSGAS DEVELOPMENT SYSTEMS, LLC'S REPLY TO "PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT TRANSGAS DEVELOPMENT SYSTEMS, LLC'S MOTION TO DISMISS"

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), Defendant TransGas Development Systems, LLC ("TransGas") submits this Reply to "Plaintiffs' Response in Opposition to Defendant TransGas Development Systems, LLC's Motion to Dismiss." The Plaintiffs have not met their burden and, accordingly, TransGas again respectfully requests that this Court dismiss the Plaintiffs' Complaint for Declaratory and Injunctive Relief ("the Complaint" or ECF 1) with prejudice.

Plaintiffs' Response in Opposition confirms, rather than cures, the fatal defects in their Complaint. Plaintiffs fail to allege the one thing required for federal jurisdiction: an actual or

1

imminent violation of federal environmental law by TransGas. Instead, Plaintiffs rely on speculation that federal permits might be required in the future, generalized concerns about pollution authorized by a valid state permit, and a legally untenable attempt to transform alleged agency inaction into a justiciable claim against a private developer.

I.  **The Plaintiffs' Response in Opposition fails to demonstrate standing to bring this action against TransGas in federal, or any, court.**

The Plaintiffs' standing theory rests on conjecture piled upon conjecture. Their allegations do not establish injury-in-fact, causation, or redressability, and the Court lacks subject-matter jurisdiction on that basis alone.

The Plaintiffs concede that the Project is currently proceeding under a valid permit properly issued by the West Virginia Department of Environmental Protection permit. The Plaintiffs do not allege that TransGas is exceeding (air or NPDES) permit limits, that TransGas is violating any enforceable water quality standard, or that TransGas is currently acting impermissibly without a required permit that TransGas is required to have at this moment. Their claimed injuries, in the form of alleged potential future emissions, noise, traffic, protected species takes, or construction impacts on streams located on the property, are precisely the type of "someday" injuries the Supreme Court has repeatedly held insufficient. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992).

The Plaintiffs' reliance on cases like *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 190, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000), *Ohio Valley Environmental Coalition v. U.S. Army Corps of Eng'rs,* 890 F. Supp. 2d 688 (S.D. W.Va. 2012), and *Central Delta Water Agency v. U.S.*, 306 F.3d 938 (9th Cir. 2002) is misplaced. In each of those cases, the plaintiffs alleged concrete violations of federal law or imminent, unavoidable environmental harm caused by agency authorization. For instance, in *OVEC*, the plaintiffs

challenged the decision by the USACE to grant a CWA § 404 permit to a mining company in West Virginia to discharge fill material into streams for the purpose of conducting surface coal mining. *OVEC* at 689. The USACE moved to remand and then reinstated the permit, which the plaintiffs appealed. *Id.* In that case, this Court had no trouble discerning an actual alleged injury: the USACE was required to issue or deny a permit and took an appealable agency action, which this Court then appropriately reviewed. *Id.*

In this case, the Plaintiffs do not advance such an allegation. They identify no discharge into jurisdictional waters, no dredging or filling of jurisdictional waters, no take of a protected species, and no federal authorization triggering ESA §7 consultation. Instead, they speculate that such events might occur at some undefined point in the future because the TransGas property has streams located on it and because the property upon which the Project is sited within the range or habitat of several protected bats. The Plaintiffs also do not allege that the Project has any federal nexus other than to allege that the United States Army Corps of Engineers, the United States Fish & Wildlife Service, and the Federal Energy Regulatory Commission may (but do not currently) require permitting actions. That sort of speculation is not injury-in-fact and is based on hypothetical permitting requirements that remain untriggered.

The Plaintiffs' fallback argument that they are injured by the alleged absence of federal review fails because no federal review obligation currently exists. Instead, the Plaintiffs attempt to invert the operation of law by asserting that TransGas must halt development *until* federal agencies determine whether federal permits are required or that some federal action is required. Neither the CWA nor the ESA imposes such a duty on private actors.

Likewise, the Plaintiffs cannot establish redressability. There is no mechanism by which this Court may validly enter an order against TransGas would not compel the USACE to assert

CWA jurisdiction where none yet exists, nor would it require the USF&WS to initiate ESA consultation. Courts cannot redress injuries dependent on speculative future agency action. *Frank Krasner Enters. v. Montgomery Cnty.*, 401 F.3d 230 (4th Cir. 2005).

II. **The Plaintiffs' CWA and ESA claims independently fail because they failed to allege facts sufficient to conjure federal jurisdiction and, further, because they failed to comply with the pre-suit notifications of each statutory regime.**

The Plaintiffs repeatedly assert that the Project "will require" a CWA §404 permit but fail to allege that TransGas has discharged into or dredged or filled material into waters of the United States. That omission is dispositive. The CWA regulates actual-discharges and actual-fills, not project footprints, promotional materials, or proximity to streams. The maps, website screenshots, and generalized descriptions attached by the Plaintiffs as exhibits to their Response do not satisfactorily substitute for factual allegations of a regulated discharge. The CWA does not authorize preemptive litigation to force agencies to decide jurisdictional questions in the abstract.

Furthermore, the second of the Plaintiffs' two claims against TransGas, the ESA allegations, is legally flawed. ESA §7 consultation duties apply exclusively to activities with a federal nexus. Plaintiffs identify no federal action, permit, funding, or authorization. Without federal involvement, §7 is inapplicable as a matter of law. In this instance, the only potential for §7 implication would be if TransGas required a permit or authorization from the USACE to dredge or fill, which TransGas does not.

Nor do Plaintiffs allege a "take" under ESA §9. They identify no harm, harassment, or killing of a listed species—only the presence of species in the broader region. Plaintiffs' attempt to bootstrap §7 consultation obligations into a private enforcement action against TransGas has no basis in the statute. Under the Plaintiffs' fundamental misunderstanding of the manner in which

4

§9 works, no construction or commercial activity could take place in most of the State of West Virginia because of the presence of several protected species of bat, among other protected species.

Lastly, the Plaintiffs' counts against TransGas pursuant to the CWA and the ESA are independently barred because the Plaintiffs failed to comply with the statutes' mandatory pre-suit notice provisions both in fact and because they failed even to plead that they did so. Compliance with these notice requirements is a jurisdictional prerequisite to suit and must be strictly construed. The Plaintiffs' failure to provide adequate notice deprives this Court of subject-matter jurisdiction and requires dismissal.

Both the CWA and ESA condition citizen suits on advance notice to the alleged violator and relevant federal agencies. Under the CWA, "[n]o action may be commenced" prior to sixty days after the plaintiff has given notice of the alleged violation to the Administrator of the EPA, the State in which the alleged violation occurs, and the alleged violator. 33 U.S.C. § 1365(b)(1)(A). Similarly, the ESA requires at least sixty days' written notice to the Secretary of the Interior (or Commerce, as appropriate) and the alleged violator before any citizen suit may be filed. 16 U.S.C. § 1540(g)(2)(A)(i). The Supreme Court has made clear that these notice provisions are not technicalities; they are "a mandatory, not optional, condition precedent for suit." *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 26, 110 S. Ct. 304, 309, 107 L. Ed. 2d 237 (1989) (discussing RCRA).

The Plaintiffs failed to satisfy the statutory notice requirements of both the CWA and ESA before filing suit; accordingly, this Court lacks jurisdiction over their claims. Dismissal is therefore required under Rule 12(b)(1), or alternatively under Rule 12(b)(6).

## CONCLUSION

The Plaintiffs' Response makes clear that their claims fail as a matter of law, not because of mere pleading technicalities. Their claims rely on speculative future permitting, conjectural environmental harm, and duties that apply only to federal agencies. The Plaintiffs cannot simply amend their Complaint to cure those defects. Accordingly, the Court should grant TransGas' Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) and dismiss the Complaint with prejudice.

**DEFENDANT TRANSGAS DEVELOPMENT SYSTEMS, LLC**
**By counsel,**

/s/ Jason Wandling
Jason Wandling (WVSB 9259)
David L. Yaussy (WVSB 4156)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East
Charleston, West Virginia 25301
Office: 304-340-3857
Mobile: 304-553-1405
jwandling@spilmanlaw.com
dyaussy@spilmanlaw.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

**DANNY HATFIELD,**
**MARTHA BROWNING.**
**BONNIE BREEDING RUNYON,**
**SHEILA MILLER,**
**CHRIS COHENOUR,**
**TINA COHENOUR,**
**JARED CALLOWAY,**
**STEWART JOHNSON,**
**JOSHUA VANCE, and**
**BILL GILKERSON,**

    **Plaintiffs,**

v.                                           **CIVIL ACTION NO. 3:25-cv-00714**

**TRANSGAS DEVELOPMENT SYSTEMS, LLC,**
**U.S. ARMY CORPS OF ENGINEERS – Huntington District,**
**U.S. FISH & WILDLIFE SERVICE, and**
**FEDERAL ENERGY REGULATORY COMMISSION,**

    **Defendants.**

## CERTIFICATE OF SERVICE

    I certify that on this 10th day of February 2026, I served "DEFENDANT TRANSGAS DEVELOPMENT SYSTEMS, LLC'S REPLY TO 'PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT TRANSGAS DEVELOPMENT SYSTEMS, LLC'S MOTION TO DISMISS'" using the Court's CM/ECF system, which will automatically notify all parties or counsel of record, and emailed this document to Plaintiff's email address of record at:

    Stephen P. New (WVSB 7756)
    Stephen P. New & Associates
    430 Harper Park Dr.
    P.O. Box 5516
    Beckley, WV 25801
    Phone: 304-250-6017
    Fax:    304-250-6012
    Email: steve@newlawoffice.com

/s/ Jason Wandling  
Jason Wandling (WVSB 9259)