IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

DANNY HATFIELD, MARTHA BROWNING,
BONNIE BREEDING RUNYON,
SHEILA MILLER, CHRIS COHENOUR,
TINA COHENOUR, JARED CALLOWAY,
STEWART JOHNSON, JOSHUA VANCE, and
BILL GILKERSON.

    Plaintiffs,

  v.             CIVIL ACTION NO. 3:25-0714

TRANSGAS DEVELOPMENT SYSTEMS,
LLC; [U.S. ARMY CORPS OF ENGINEERS
– Huntington District]; [U.S. FISH &
WILDLIFE SERVICE]; [FEDERAL ENERGY
REGULATORY COMMISSION].

    Defendants.

**PLAINTIFFS' SUR-RESPONSE REGARDING ESA CITIZEN-SUIT PROVISION**

  Plaintiffs respectfully submit this sur-response to discuss whether Plaintiffs complied with the Endangered Species Act ("ESA") and Clean Water Act ("CWA") citizen-suit notice requirements. Plaintiffs did *not* comply with the citizen-suit notice provisions of the ESA or the CWA because Plaintiffs do *not* assert citizen-suit enforcement claims under the citizen-suit provisions of these laws, and instead bring this action to enforce federal agencies' independent procedural obligations under ESA §7 and CWA §404, while including TransGas as a necessary party whose project advancement is the subject of the requested relief.

**I. Plaintiffs' Claims Arise Under ESA §7 and CWA §404—not the Citizen-Suit provisions of ESA or CWA.**

1

For clarity, Plaintiffs have *not* complied with the ESA and CWA citizen-suit notice requirements, because Plaintiffs do not assert a 16 U.S.C. §1540(g)(1) (the ESA citizen-suit provision) or 33 U.S.C. §1365 (the CWA citizen-suit provision) citizen-suit claim against TransGas. The citizen-suit was mentioned in the final paragraph of Plaintiff's Response in Opposition to Defendant TransGas's Motion to Dismiss solely to illustrate that private parties whose actions advance or depend upon federal approvals may properly be subject to injunctive relief to ensure compliance with federal environmental statutes. (See *Alliance for the Wild Rockies v. Marten,* 200 F. Supp. 3d 1110, 1113–14 (D. Mont. 2016), joining private right-of-way holder as a proper defendant under Rule 19 because its interests could be impaired and effectiveness of relief would be impaired if it were not joined). In the *Marten* case, the claims were grounded in challenges to federal agency actions under the National Environmental Policy Act ("NEPA"), and *not* brought under citizen-suit provisions. Even so, the federal court in *Marten* determined that Hirschy Livestock, a private company, was a party "so situated that effectiveness of relief for the present parties will be impaired if it is not joined." *Id*.

Likewise, courts have held that private project proponents may be properly joined as defendants in APA-based environmental litigation even where no independent cause of action is asserted against them, where their interests may be impaired and complete relief would be ineffective in their absence. *Nat'l Wildlife Fed'n v. Espy,* 45 F.3d 1337, 1344–45 (9th Cir. 1995) (holding private landowners were proper defendants because requested equitable relief would directly affect their property interests and because complete relief could not be accorded without binding them). Here, as in *Marten* and *Espy*, Plaintiffs challenge federal procedural compliance underlying a project actively advanced by TransGas, and any relief governing federal approvals would necessarily affect TransGas's ability to proceed. Accordingly, TransGas is properly included to ensure that any relief issued by this Court is complete and effective.

## II.    TransGas is properly named as a necessary party.

TransGas remains a properly named defendant because it is the project proponent actively advancing the Adams Fork Energy Project and is a necessary party for complete relief. Fed. R. Civ. P. 19(A)(1)(B) provides that a party is required where that party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence

2

may impair or impede the person's ability to protect the interest" or prevent complete relief. This principle applies whether a party is joined later or named initially and supports inclusion of TransGas here because Plaintiffs challenge federal procedural compliance underlying a project actively advanced by TransGas, and any equitable relief would necessarily affect its interests and ability to proceed.

Plaintiffs allege that TransGas has obtained state-level construction permits and is proceeding with planning, permitting, and project-advancing activities necessary to construct a large-scale gas-powered ammonia and data center facility. These activities are central to Plaintiffs' request for relief prohibiting further advancement of the Project unless and until federal agencies comply with their mandatory statutory obligations. If relief were directed solely at federal agencies, without binding the project proponent advancing the Project itself, such relief would be incomplete and ineffective. Because TransGas is the entity actively advancing the Project and stands to benefit from federal approvals and consultation, it is properly joined to ensure that any relief issued by this Court is effective.

Dismissing TransGas at this stage would be premature, particularly because the federal agency defendants have not yet appeared or responded. Under Fed. R. Civ. P. 12(A)(2), federal agencies have 60 days after service to respond. The agencies' responses will necessarily address the scope of consultation, permitting, and compliance obligations applicable to the Project, including whether consultation, permitting, or other federal approvals involving TransGas are required. If the federal agencies confirm that consultation or permitting obligations apply to the Project as advanced by TransGas, then TransGas's participation will be essential to ensure that any relief issued by this Court is effective. Premature dismissal of TransGas would risk incomplete relief and could require subsequent proceedings to bind the project proponent whose conduct is directly at issue.

### III.    Plaintiffs' Complaint satisfies the *Twombly* pleading standard.

To survive a motion to dismiss, a complaint need only allege sufficient factual matter to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This standard does not require detailed factual allegations or proof of statutory violations at the pleading stage. *Id*. at 555.

Plaintiffs' Complaint satisfies this standard. Plaintiffs allege specific facts regarding the nature, scope, and environmental impacts of the Adams Fork Energy Project, including TransGas's permit applications, construction plans listed on their website, and environmental impacts requiring federal consultation and permitting under ESA §7 and CWA §404[1], thereby establishing the federal statutory obligations and jurisdictional basis for this action. Plaintiffs also specifically reference TransGas's detailed permit applications and project documentation, which describe the Project's scale, location, and environmental impacts. These factual allegations plausibly establish that federal procedural obligations are implicated and that TransGas is actively advancing the Project whose compliance is at issue.

TransGas's motion improperly demands a higher pleading standard than required under *Twombly* by seeking evidentiary proof of federal consultation obligations at the pleading stage. The plausibility standard requires only sufficient factual allegations to allow the Court to reasonably infer potential statutory violations—not proof of such violations prior to discovery. *Twombly,* 550 U.S. at 556. Plaintiffs' detailed factual allegations exceed this threshold and are sufficient to state plausible claims for relief.

Date: February 18, 2026

Respectfully submitted,

PLAINTIFFS

By Counsel

/s/ Stephen P. New
Stephen P. New (WVSB #7756)
STEPHEN P. NEW & ASSOCIATES
430 Harper Park Drive
P.O. Box 5516
Beckley, WV 25801
Telephone: (304) 250-6017
Facsimile: (304) 250-6012
steve@newlawoffice.com

---

[1] Compl. ¶3-14

4

5

**CERTIFICATE OF SERVICE**

I certify that on February 17, 2026, I electronically filed the foregoing Sur-Response with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/Stephen P. New
Stephen P. New (WVSB #7756)