**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

DANNY HATFIELD,
MARTHA BROWNING,
SHEILA MILLER,
CHRIS COHENOUR,
TINA COHENOUR,
JARED CALLOWAY,
STEWART JOHNSON,
JOSHUA VANCE, and
BILL GILKERSON,

                    Plaintiffs,

v.                                   CIVIL ACTION NO. 3:25-0714

TRANSGAS DEVELOPMENT SYSTEMS, LLC,
U.S. ARMY CORPS OF ENGINEERS – Huntington District,
U.S. FISH & WILDLIFE SERVICE,
FEDERAL ENTERGY REGULATORY COMMISSION,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed this action seeking to prevent Defendant TransGas Development Systems, LLC from constructing a power plant, ammonia facility, and data centers (collectively, the "Adams Fork Energy Project") until the Project satisfies certain federal requirements. *See* ECF 1, Compl. 1–2, 7. TransGas filed a Motion (ECF 10, Def.'s Mot.) asking the Court to dismiss Plaintiffs' claims against it with prejudice because Plaintiffs lack standing.[1] *See* ECF 11, Def.'s Mem. 1. Because Plaintiffs have failed to show they have standing, the Court **GRANTS** the Motion **in part**. The Court will dismiss Plaintiffs' claims against TransGas, but without prejudice.

---

[1] TransGas also argues that Plaintiffs' claims should be dismissed because Plaintiffs failed to state a claim upon which relief can be granted. *See* ECF 11, at 5. Since the Court will grant TransGas's Motion on standing grounds, the Court need not determine whether Plaintiffs also failed to state a claim.

**BACKGROUND**

According to Plaintiffs, TransGas is planning to construct "a 117-engine power plant and ammonia facility with associated data centers near Wharncliffe and the Mingo–Logan County line." Compl. 2. Plaintiffs allege that the Project "requires placement of fill, grading, culver installation, and other jurisdictional streams, wetlands, and mine-drainage channels . . . ." *Id.* at 6. They also assert that the Project will be near the habitats of three endangered species: the Guyandotte Crayfish, the Grey Bat, and the Northern Long-Eared Bat. *See id.* at 4–5.

Plaintiffs allege that the federal defendants in this case—the U.S. Army Corps of Engineers (USACE), U.S. Fish and Wildlife Service (USFWS), and Federal Regulatory Energy Commission—have violated federal law by failing to undertake certain processes which, according to Plaintiffs, must be completed before TransGas can begin construction. *See id.* at 5–7.

Plaintiffs' Complaint includes four counts. *See id.* Only Counts I and II are brought against TransGas. *See id.* Count I alleges that the USACE and USFWS violated § 7 of the Endangered Species Act (ESA), 16 U.S.C. § 1536. *See id.* at 5. Section 7 of the ESA requires federal agencies to consult with the Department of the Interior or the Department of Commerce to ensure that actions they take will not "jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of [critical] habitat of such species . . . ." 16 U.S.C. § 1536(a)(2).

Count II alleges that the USACE violated § 404 of the Clean Water Act (CWA), 33 U.S.C. § 1344. *See* Compl. 6. Section 404 of the CWA governs permits "for the discharge of dredged or fill material into . . . navigable waters . . ." 33 U.S.C. § 1344(a).

Plaintiffs do not allege that TransGas itself has violated the ESA and CWA. *See* ECF 20, at 2. Instead, they have named TransGas as a defendant because it is "a necessary party for

complete relief." *Id.* Plaintiffs ask the Court to issue an injunction "prohibiting TransGas from proceeding with the Adams Fork Energy Project unless and until all federal agencies" satisfy all applicable legal requirements. Compl. 7. Indeed, such an injunction would only be effective if TransGas were a party to this suit.

TransGas has moved to dismiss Counts I and II.[2]  *See* Def.'s Mem. 5. According to TransGas, "Plaintiffs lack standing because they do not allege that they have suffered actual harm-in-fact related to actions TransGas has undertaken, they have not *in fact* suffered harm, nor are they likely to suffer harm imminently." *Id.* (emphasis in original).

## LEGAL STANDARD

"The Constitution limits federal courts to deciding 'Cases' and 'Controversies.'" *Bost v. Ill. Bd. of Elections*, No. 24-568, slip op. at 1 (2026) (Barrett, J., concurring) (quoting U.S. Const. Art. III, § 2). "To satisfy this requirement, a plaintiff must show (among other things) that he has suffered an actual injury—put colloquially, he must be able to answer the basic question 'What's it to you?'" *Id.* Courts "give content to that maxim by requiring a plaintiff to show a 'concrete, particularized, and actual or imminent' injury." *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). "Threatened injury must be *certainly impending* to constitute [actual] injury . . . ." *Clapper*, 568 U.S. at 409 (emphasis in original) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). "'[A]llegations of *possible* future injury' are not sufficient." *Id.* (emphasis in original) (quoting *Whitmore*, 495 U.S. at 158).

"Generally, challenges to standing are addressed under [Federal Rule of Civil Procedure] Rule 12(b)(1) for lack of subject matter jurisdiction." *Payne v. Chapel Hill North Properties, LLC*, 947 F. Supp. 2d 567, 572 (M.D.N.C. 2013).

---

[2] While the Motion asks the Court to dismiss the Complaint in its entirety, *see* Def.'s Mot. 1, TransGas has only pressed arguments related to Counts I and II, *see* Def.'s Mem. 5.

A 12(b)(1) motion can take two different forms:

A "facial attack" questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction. If a "facial attack" is made, the court must accept the allegations in the complaint as true and decide if the complaint is sufficient to confer subject matter jurisdiction. On the other hand, a "factual attack" challenges the truthfulness of the factual allegations in the complaint upon which subject matter jurisdiction is based. In this situation, a "district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."

*Adkins v. United States*, 923 F. Supp. 2d 853, 856–57 (S.D. W. Va. 2013) (internal citations omitted) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Here, TransGas is asserting a facial attack; it argues that the allegations in Plaintiffs' Complaint are insufficient to show Plaintiffs have standing. *See* Def.'s Mem. 5.

## ANALYSIS

### A. Plaintiffs Have Not Shown They Have Standing

Even though "[i]n the environmental litigation context, the standing requirements are not onerous," *Am. Canoe Ass'n v' Murphy Farms*, 326 F.3d 505, 517 (4th Cir. 2003), a plaintiff must "plausibly allege[] either an economic or environmental injury sufficient to establish[] standing," *N.C. Fisheries Ass'n, Inc. v. Prtizker*, No. 4:14-CV-138, 2015 WL 4488509, at *4 (E.D.N.C. July 22, 2015). He must also "differentiate [himself] from the mass of people who may find the conduct [complained of] objectionable only in an abstract sense." *Id.* at *5 (quoting *Friends of the Earth v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 156 (4th Cir. 2000)). Conclusory allegations are insufficient to establish standing. *Id.* at *4.

In their response to TransGas's Motion to Dismiss, Plaintiffs clarify that their alleged injury is procedural. *See* ECF 17, Pls' Resp. 5 ("[I]n response to TransGas's question of 'What is the injury?', Plaintiffs are currently being denied the procedural safeguards that Congress required

before projects of this scale and potential impact may lawfully advance . . . .”). While “deprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing,” *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009), such a deprivation can confer standing when it increases the risk that a plaintiff will experience a concrete harm in the future, *see Spokeo, Inc. v. Robins*, 576 U.S. 330, 341–42 (2016).

Here, Plaintiffs have not established they have standing because they have not plausibly alleged Defendants are likely to violate the CWA and ESA. Plaintiffs assert that TransGas's “Project requires placement of fill . . . [in] jurisdictional streams,” and that TransGas has yet to secure a CWA § 404 permit for the Project. *See* Compl. 6. But Plaintiffs do not allege that, by the time TransGas begins placing fill, it will still have no § 404 permit. Similarly, Plaintiffs allege that the USACE has yet to consult with the USFWS about issuing a § 404 permit to TransGas. *See id.* But they do not allege that the USACE will, in fact, issue a § 404 permit to TransGas before consulting with the USFWS.[3] Since Plaintiffs have not alleged Defendants are likely to violate any procedural requirements, they have not alleged concrete injury. *See Women's Student Union v. U.S. Dept. of Educ.*, No. 21-cv-01626, 2022 WL 484956, at *7 (N.D. Cal. Feb 16, 2022) (holding a plaintiff lacked standing because “it [did] not allege a ‘violation of a statute or regulation that

---

[3] The Complaint asserts that “[c]ontinued advancement of the Project prior to consultation violates ESA §7(a)(2) and the prohibition in §7(d) on irreversible or irretrievable commitments of resources.” Compl. 6. The Court cannot understand how this is the case. Section 7(a)(2) requires federal agencies to consult with the Department of the Interior or the Department of Commerce to ensure that actions they take will not “jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of [critical] habitat of such species . . . .” 16 U.S.C. § 1536(a)(2). But Plaintiffs have not alleged that “continued advancement of the Project” will require any federal agency to take action, even though they allege the project will, *at some point*, require a CWA § 404 permit.

Section 7(d), meanwhile, provides that, “[a]fter initiation of consultation required under subsection (a)(2), the Federal agency and the permit or license applicant shall not make any irreversible or irretrievable commitment of resources with respect to the agency action which has the effect of foreclosing the formulation or implementation of any reasonable and prudent alternative measures which would not violate subsection (a)(2) of this section.” *Id.* § 1536(d). Since the prohibitions of this subsection only kick in “after initiation” of § 7 consultation, and Plaintiffs allege that “no federal agency has initiated . . . ESA §7 consultation for the Project,” Compl. 6, “continued advancement of the Project” could not violate subsection (d).

guarantees a particular procedure'" (emphasis in original omitted) (quoting *Californians for Renewable Energy v. U.S. Env't Prot. Agency*, No: C 15-3292, 2018 WL 1586211, at *7 (N.D. Cal. Mar. 30, 2018))).

Even if Plaintiffs had alleged Defendants would violate some procedural requirement, Plaintiffs have not established such a violation would increase their risk of suffering a particularized injury. Plaintiffs' Complaint asserts that Plaintiffs "live, recreate, work, or conduct environmental observation" near the project site. Compl. 2. A document Plaintiffs filed seems to confirm that Plaintiffs live near the project site. *See* Pls.' Resp., Ex. A. Plaintiffs' mere proximity to the site is insufficient to show they would experience particularized injury if Defendants violated the CWA and ESA. *See Taubman Realty Grp. Ltd. v. Mineta*, 198 F. Supp. 2d 744, 757 (E.D. Va. 2002) ("Prevention of 'safety, environmental, and traffic' related negative impacts to a 'region' clearly is not the type of concrete, litigant-specific interest upon which a party may base a procedural injury."). Plaintiffs argue this case is analogous to *Sierra Club v. Virginia Electric and Power Company*, where the district court found the Sierra Club's members had standing. *See* Pls.' Resp. 2–3. The Court disagrees. In *Sierra Club*, the court concluded that the members had standing "because of their interest and use of the surface waters surrounding" a power plant "and their fear of the effects of the contamination of that water." 247 F. Supp. 3d 753, 761 n.8 (E.D. Va. 2017), *aff'd in part and rev'd in part on other grounds* 903 F.3d 403 (4th Cir. 2018). Here, Plaintiffs have merely pointed out that they live near the proposed project site; they have not expressed any particular interest in the nearby water and wildlife.

Even if Plaintiffs had adequately alleged a risk of future harm, they have not alleged that that risk is imminent. While Plaintiffs' Complaint asserts that "TransGas intends to commence

ground disturbance activities necessary to construct the Project's facilities," Compl. 9, it does not allege that these activities will occur any time soon.

Since Plaintiffs have not shown they have standing, the Court must dismiss their claims against TransGas.

## B. The Court Will Dismiss Plaintiffs' Claims Without Prejudice

TransGas has asked the Court to dismiss Plaintiffs' claims with prejudice. "[D]ismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006) (emphasis in original omitted) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)); *see also Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) ("The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading." (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990))).

It is entirely possible that Plaintiffs could cure their failure to establish standing by amending their Complaint. Accordingly, the Court will dismiss their claims **without prejudice**.

## CONCLUSION

The Court **GRANTS** TransGas's Motion to Dismiss **in part**. The Court **DISMISSES** Plaintiffs claims against TransGas **without prejudice**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        March 18, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE