## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

DANNY HATFIELD, MARTHA
BROWNING, SHEILA MILLER, CHRIS
COHENOUR, TINA COHENOUR, JARED
CALLOWAY, STEWART JOHNSON,
JOSHUA VANCE, and BILL GILKERSON,

          Plaintiffs,

      v.

UNITED STATES ARMY CORPS OF
ENGINEERS – HUNTINGTON DISTRICT,
UNITED STATES FISH AND WILDLIFE
SERVICE, and FEDERAL ENERGY
REGULATORY COMMISSION,

          Defendants.

Civil Action No. 3:25-0714

## FEDERAL DEFENDANTS' REPLY
## IN SUPPORT OF THEIR MOTION TO DISMISS

### I. Introduction

Plaintiffs cannot avoid dismissal of the Complaint. They lack standing to sue the United States Army Corps of Engineers ("Corps"), the United States Fish and Wildlife Service ("Service"), and the Federal Energy Regulatory Commission ("FERC") (collectively, "Federal Defendants"), just as they lack standing to sue TransGas Development Systems, LLC ("TransGas"), the alleged proponent of the Adams Fork Energy Project ("Project"). Plaintiffs suggest they may be able to establish standing in the future, but standing is assessed at the time the Complaint is filed. Their lack of standing requires that the Complaint be dismissed.

Though the Court need proceed no further, Plaintiffs have no meaningful response to our additional grounds for dismissal: (1) the fact that their claims, as pled, are subject to exclusive

judicial review in the courts of appeal under the Natural Gas Act's ("NGA") review provisions; (2) that Plaintiffs failed to comply with the notice requirements of the Endangered Species Act ("ESA") and Clean Water Act ("CWA") – in fact, Plaintiffs now inadvertently admit that they mispled these claims; and (3) that there is no final agency action taken by the Corps, FERC, or the Service that could give rise to a claim for relief. Rather than show they challenge final agency action, raise a viable citizen-suit claim, or that there is jurisdiction to bring NGA-related claims in this Court, Plaintiffs argue they need only plead a claim arising under federal law. They are wrong.

Plaintiffs must plead federal claims *that fall within this Court's jurisdiction* and *that are plausible*, but Plaintiffs have failed to meet that standard by a wide margin. Because the Complaint is devoid of the predicate facts necessary to show that any agency has taken final agency action or is failing to take a mandatory action, the Court should dismiss the Complaint in its entirety.

## II. Argument

### A. This Court Lacks Jurisdiction.

#### 1. Plaintiffs Cannot Avoid their Lack of Standing and the Lack of Ripeness.

Plaintiffs' claims against Federal Defendants must be dismissed for lack of standing (or ripeness) because, as Plaintiffs correctly explained, "the Court concluded that the Complaint failed to plausibly allege that any federal statutory violation was sufficiently imminent to create a concrete and particularized injury." Pls.' Resp. in Opp'n to Fed. Agency Defs.' Mem. of Law in Supp. of Mot. to Dismiss 4, ECF No. 31 ("Opp."). Given that Plaintiffs must allege harm from Federal Defendants' alleged violations of the federal environmental laws to establish an actual case or controversy against Federal Defendants, and this Court has already determined that Plaintiffs failed to do so, Plaintiffs do not have standing to assert their claims against Federal Defendants.

2

Plaintiffs' arguments to the contrary are to no avail. "The existence of federal jurisdiction ordinarily depends on the facts *as they exist when the complaint is filed*." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 n.4 (1992) (quoting *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830 (1989)). As the party invoking federal jurisdiction, Plaintiffs bear the burden of proving standing. *Lujan*, 504 U.S. at 561; *see also Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006) (holding the same is true for constitutional ripeness). This Court is not required to accept as true Plaintiffs' allegations regarding the existence of jurisdiction. Rather, as the Court has noted, a factual attack under Rule 12(b)(1) "challenges the truthfulness of the factual allegations in the complaint upon which subject matter jurisdiction is based" and is subject to evidence from outside of the pleadings. *Hatfield v. TransGas Dev. Sys., LLC,* No. 3:25-0714, 2026 WL 766492, at *2 (S.D. W. Va. Mar. 18, 2026) (citation omitted).

Here, however, Federal Defendants do not need to dispute "Plaintiffs' allegations that TransGas intends to commence ground disturbance activities, and that the Project implicates multiple environmental concerns." Opp. 6. Even if those things were true, they would not show that the Corps, FERC, or the Service have taken any action or violated any legal requirement, much less that the agencies are causing Plaintiffs to suffer a concrete injury in fact. Standing must exist against each defendant for each claim, Opp. 4 (citing *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017)), but the injuries Plaintiffs allege to support their claims against TransGas are the same as those alleged against Federal Defendants. Plaintiffs allege harm from their perceived risk that TransGas will begin construction of the Adams Fork Project without the appropriate federal permits and environmental reviews. Compl. 2. If anything, this alleged harm would be attributable to TransGas, not to the Federal regulators.

The alleged procedural injury that might result from Federal Defendants' alleged failure to

act under the federal environmental laws is even more attenuated than the injury ascribed to TransGas. Any injury caused by an alleged action or inaction by Federal Defendants could not arise until after TransGas has applied for a required federal permit or certificate and Federal Defendants have either: (1) taken an allegedly unlawful action; or (2) allegedly failed to perform a discrete mandatory duty. The Court's conclusion that Plaintiffs' allegations of injury were not concrete, particularized, or imminent means that Plaintiffs do not have standing for their claims against Federal Defendants either (including for the NEPA and NGA claims that were not asserted against TransGas). *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) ("deprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient to create Article III standing").

Contrary to Plaintiffs' assertions, Opp. 4-5, the Court does not need to conclude that "Plaintiffs can never establish standing arising from the Project" to hold that their failure to do so here requires dismissing the claims against both TransGas and Federal Defendants. Plaintiffs' arguments that the Court's prior ruling "did not adjudicate the merits of the claims presently asserted against the Federal Defendants," Opp. 4, confuse the bases for an order of dismissal. The Court can and should dismiss Plaintiffs' claims for lack of jurisdiction under Rule 12(b)(1) without adjudicating the merits of any claims.

Plaintiffs argue their claims are ripe because of "present deprivation of the procedural protections Congress required before a project of this nature may lawfully proceed." Opp. 5. But the Complaint does not plausibly allege facts showing that the Project is proceeding or, more importantly, that the Federal Defendants are violating any law. As described above, action by TransGas is necessary to trigger relevant procedural protections afforded by the federal statutes Plaintiffs invoke here. The Fourth Circuit has held, however, that claims are not constitutionally

ripe where an alleged injury would occur only if a plaintiff applied to the government for certain permissions and was rejected. *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 758-59 (4th Cir. 2013) ("Where an injury is contingent upon a decision to be made by a third party that has not yet acted, it is not ripe.").

> **2. Plaintiffs Cannot Escape Dismissal Simply Because They Have Pled Claims Arising Under Federal Law.**

Plaintiffs concede that no Federal Defendant has taken a final agency action that could give rise to a claim for relief. Opp. 6 (admitting that "Plaintiffs do not challenge any issued permit, certificate, license, Biological Opinion, or other final agency action"). This admission is grounds for dismissal. *See Jake's Fireworks, Inc. v. U.S. Consumer Prot. Comm'n*, 105 F.4th 627, 631 (4th Cir. 2024).

Citing no authority, Plaintiffs nonetheless claim "the existence or absence of a final agency action does not eliminate federal-question jurisdiction under 28 U.S.C. §1331." Opp. 6. Plaintiffs misunderstand the import of Section 1331. They confuse "federal-court 'subject-matter' jurisdiction over a controversy [with] the essential ingredients of a federal claim for relief." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503 (2006). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* at 513. Here, Plaintiffs' claims arise under federal law, but they are not colorable under established Supreme Court authority. At most, Plaintiffs have "plead the bare elements of [their] cause[s] of action, affix[ed] the label 'general allegation,' and [are] expect[ing] [their] complaint to survive a motion to dismiss," precisely in the manner the Supreme Court has rejected. *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). Indeed, as explained below, Plaintiffs have inadvertently admitted that, as they are pled, there is no requisite waiver of sovereign immunity or right of action for Counts I and II.

Even so, Plaintiffs argue their Complaint alleges "already existing federal statutory obligations [that] remain entirely unaddressed," Opp. 6, but the Complaint lacks any plausible factual allegations that could show "an agency failed to take a *discrete* agency action that it is *required to take*" under the ESA, CWA, NEPA, or NGA. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) ("*SUWA*"). The Complaint references ESA consultation, NEPA review, CWA permits, and certificates of public convenience under the NGA, but fails to plausibly allege the prerequisite facts necessary to show that the Corps, FERC, or the Service are under any nondiscretionary duty to carry out these or any other functions. In fact, the Complaint admits that the necessary prerequisite facts have *not* occurred. Compl. 5 (stating that "no federal agency has initiated *or received any application* for the required ESA consultation, CWA §404 permitting, NEPA review, or Natural Gas Act pipeline approval for this Project") (emphasis added).

The Corps cannot plausibly have failed to consult under the ESA where it has taken no action and, similarly, the Service cannot have failed to issue a letter of concurrence or a biological opinion where it has not been asked to consult. The Corps cannot have failed to issue a CWA permit where it has not received a permit application. And neither the Corps nor FERC can have failed to complete NEPA review where neither agency has taken a major federal action that will significantly affect the quality of the human environment. *See* 42 U.S.C. § 4332(C). FERC likewise cannot have failed to issue an application for a certificate of public convenience under the NGA where it has not received an application. As discussed *infra* pages 9 to 11, the Corps and FERC have discretionary authority to enforce CWA § 404 (33 U.S.C. § 1344) and the NGA, respectively; Plaintiffs cannot state a claim against these agencies for failure to take enforcement action under these statutes and, in any case, the Complaint does not allege that any discharge of dredge or fill

material into waters of the United States has taken place in violation of CWA § 404 or that there has been construction of a jurisdictional pipeline without a certificate in violation of the NGA.

At bottom, Plaintiffs' true grievance concerns private action by TransGas allegedly proceeding in violation of federal law. If Plaintiffs have any claim for this conduct, it lies against TransGas, not federal regulators. Plaintiffs have no plausible claim that the Corps, FERC, or the Service are violating any law or regulation.

### 3.   Plaintiffs Cannot Avoid the Exclusive Jurisdiction of the Courts of Appeals.

In Count IV, Plaintiffs allege "Violation of the Natural Gas Act" by FERC, and their remaining claims all inhere in the controversy over what Plaintiffs allege are "require[d]" "FERC approvals for new or expanded pipeline infrastructure needed to supply natural gas to 117 engines." Compl. 5, 7. As Federal Defendants explained in their motion to dismiss, Plaintiffs' claims, as pled, are all subject to the NGA's judicial review provisions, which vest "exclusive" jurisdiction to review FERC's orders and any other federal approvals or final agency actions for the same project in the courts of appeals. ECF No. 29 at 12-14.

In response, Plaintiffs concede they "do not challenge any FERC order, certificate, permit, or other final agency action," and they appear to disavow their allegation "that the Project is subject to NGA jurisdiction." Opp. 7. Plaintiffs seem to believe that, by conceding "no FERC order exists and no FERC review proceeding has occurred," they can assert a violation of the NGA, presumably under the Administrative Procedure Act ("APA"), while avoiding the NGA's exclusive judicial review provision. They cannot. The APA does not authorize a claim for inaction by FERC. *See Pub. Citizen, Inc. v. FERC*, 839 F.3d 1165, 1174 (D.C. Cir. 2016). In addition, insofar as Plaintiffs allege the Corps or the Service have failed to act under the ESA, CWA, and NEPA related to a project allegedly requiring FERC approvals, "[t]he United States Court of Appeals for the District

7

of Columbia shall have original and exclusive jurisdiction over any civil action for the review of an alleged failure to act" by any federal agency (other than FERC) "acting pursuant to Federal law to issue, condition, or deny any permit required under Federal law, other than the [CZMA]." 15 U.S.C. § 717r(d)(2). Plaintiffs offer no response to this statutory provision.

By conceding that they do not challenge a FERC order, certificate, permit, or other final agency action, Plaintiffs raise no plausible NGA claim. If the Complaint did state plausible claims for relief – and it does not – those claims still should be dismissed because they would be subject to the exclusive jurisdiction of the courts of appeals following final agency action.

**B. Plaintiffs Cannot Escape the Additional Grounds for Dismissal.**

**1. Plaintiffs Cannot Avoid the ESA's and CWA's Claim-Processing Rules.**

Plaintiffs make no claim that they complied with the ESA's and the CWA's notice requirements. Opp. 7. Instead, Plaintiffs attempt to skirt the requirements by claiming that Counts I and II are not asserted under the statutes' citizen suit provisions. *Id*. In so doing, however, Plaintiffs have conceded that Counts I and II fail as a matter of law against the Corps.

As Federal Defendants explained in their motion to dismiss, Supreme Court authority holds that an "action agency" (here, the Corps), can *only* be sued under the ESA's citizen suit provision, not the APA. *Bennett v. Spear*, 520 U.S. 154, 174 (1997). The converse is true of claims against a consulting agency (here, the Service) – it may be sued only under the APA for allegedly maladministering the ESA, not the citizen suit provision. *Id*. Plaintiffs assert that Count I is "pled as substantive ESA §7" violation, Opp. 7, which fails to identify a legally cognizable waiver of sovereign immunity or cause of action. Insofar as Plaintiffs plead Count I against the Corps under the APA and not the ESA's citizen-suit provision (as Plaintiffs now concede by disclaiming use of the citizen suit provision), they have pled the claim improperly, and the Court must dismiss it

against the Corps. While the APA would allow Plaintiffs to assert Count I against the Service for allegedly maladministering the ESA (and the APA would not require notice to the Service), Plaintiffs have not stated a viable APA claim against the Service because the Complaint does not allege that the Service has taken any final agency action, nor does the Complaint allege requisite facts that could plausibly show the Service is failing to take any mandatory action. *See SUWA*, 542 U.S. at 64. Thus, the Court should dismiss Count I against the Service as well.

The citizen suit provision of the CWA provides the only cause of action for challenging a failure to perform a mandatory duty under the CWA. Plaintiffs assert that Count II arises under Section 404 of the CWA and they fail to identify any other statutory basis for this claim. Therefore, Count II should be dismissed for failure to state a claim upon which relief can be granted. *See infra* Arguments II.B.2.a & II.B.2.b.

### 2. Plaintiffs Cannot Show the Complaint States a Claim for Relief.

Plaintiffs argue Federal Defendants are asking the Court to "draw[] factual conclusions in their favor regarding whether federal approvals will ultimately be required and whether federal obligations have been triggered." Opp. 1. Not so. Instead, Federal Defendants' argument is more straightforward –Plaintiffs have failed to meet their burden to allege plausible requisite facts that could establish claims for relief, and they cannot avoid dismissal under Rule 12(b)(6) through repeated reference to permissive pleading standards.

As the Supreme Court recently reiterated, a plaintiff bears a burden under Rule 12(b)(6) to "state a claim to relief that is plausible on its face." *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, No. 24-889, 2026 WL 1593307, at *6 (U.S. June 4, 2026) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citations omitted)). "That plausibility standard 'asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Id*. (citing *Iqbal*, 556 U.S. at 678). "If the

9

complaint 'pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citation modified). "Instead, to nudge a claim 'across the line from conceivable to plausible,' a plaintiff must plead facts that, if true, 'allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,'" *id*., (citing *Iqbal*, 556 U.S. at 678), and to "rule out 'obvious alternative explanation[s]' for the defendant's conduct," *id*. (quoting *Twombly*, 550 U.S., at 567).

Here, the Complaint offers even less than "a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 678; it offers merely a sheer possibility that a defendant *might* act unlawfully later. The Complaint consists of precisely the sort of "general allegation[s]" that the Supreme Court has found do not "survive a motion to dismiss." *Id.* at 687.

### a. Count I States No Plausible Claim Under the ESA.

This Court has ruled that the Complaint does "not plausibly allege[] Defendants are likely to violate the CWA and ESA" Section 7(a)(2). *Hatfield*, 2026 WL 766492, at *3. And yet, in direct contravention of that ruling, the allegations of their own Complaint, and concessions in their opposition brief that the Corps and FERC have taken no actions that could trigger consultation, Plaintiffs argue that Count I plausibly alleges "[c]onsultation should have already occurred given the protected species on and near the project." Opp. 8; *see* Compl. 5-6; Opp. 6. This argument has no basis in fact or law, and the Court should reject it.

At most, Plaintiffs claim to "allege facts demonstrating that federal consultation obligations are reasonably foreseeable." Opp. 9. Such an allegation is plainly not a colorable claim of a legal violation. *Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level" to survive a motion to dismiss); *see also Iqbal*, 556 U.S. at 687. No

facts are in dispute; there has been no federal action that could trigger consultation. The Court should dismiss Count I.

### b.   Count II States No Plausible Claim Under the CWA.

Count II does not assert any recognized cause of action. In opposing Federal Defendants' motion to dismiss, Plaintiffs argue that Federal Defendants "[m]ischaracterized" Count II as a citizen suit claim. They assert that Count II was "pled as [a] substantive . . . CWA §404 violation[]" and does "not expressly invoke . . . the CWA citizen-suit provisions." Opp. 7. But Section 404 of the CWA does not provide a cause of action, and it would be inappropriate to imply a cause of action in Section 404 when Congress expressly provided a cause of action for private citizens to challenge nondiscretionary duties arising under the Act in the citizen suit provision, 33 U.S.C. § 1365. *See Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 14-15 (1981). Given the "elaborate enforcement provisions" in the CWA, "it cannot be assumed that Congress intended to authorize by implication additional judicial remedies for private citizens suing under" the Act. *Id*. Having failed to assert a viable cause of action under the CWA, Plaintiffs' CWA claim must be dismissed.

Moreover, Plaintiffs fail to state a claim under the CWA citizen suit provision because they fail to state facts sufficient to allege: (1) a nondiscretionary duty under the CWA that (2) the Corps has failed to perform. *See* 33 U.S.C. § 1365(a)(2). Plaintiffs cannot plausibly allege that the Corps failed a nondiscretionary duty to issue a permit because, as the Complaint acknowledges, "no federal agency has initiated or received any application for the required . . . CWA §404 permitting." Compl. 6. At any rate, Plaintiffs concede that they "do not challenge any issued permit," Opp. 6, but rather assert that "the nature and status of the Project have already triggered federal obligations under the . . . CWA," *id*. But the Corps has no duty to issue

a § 404 permit without an application. To the extent that Plaintiffs allege the Corps has failed to enforce Section 404 of the CWA, that is not an actionable claim for relief. Whether to enforce the Act's prohibition on discharging dredge or fill material to jurisdictional waters is the paradigm of a discretionary decision under the CWA. "The citizen suit provision does not allow a private party to set enforcement priorities . . . nor does it allow a court to exercise judgment that is properly vested in the executive branch." *Sanitary Bd. of Charleston v. Wheeler*, 918 F.3d 324, 331 (4th Cir. 2019); *see also U.S. v. Farrell*, 115 F. Supp. 3d 746, 753 (S.D. W. Va. 2015) (recognizing that prosecutors are "traditionally accorded wide discretion in the enforcement process") (citation modified); *Sierra Club v. Whitman*, 268 F.3d 898, 903 (9th Cir. 2001).

### c.  Count III States No Plausible Claim Under NEPA.

Plaintiffs effectively concede that the Complaint fails to state a claim for violation of NEPA. They merely claim to "allege that the Project either already or necessarily will require federal approvals and environmental review." Opp. 10. This is not a colorable claim of a legal violation. *Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level" to survive a motion to dismiss); *see also Iqbal*, 556 U.S. at 687. Federal Defendants do not, as Plaintiffs claim, make a "factual assertion that no major federal action exists or will exist." Opp. 10. Rather, Federal Defendants have shown that the Complaint fails to plausibly allege a violation of NEPA because it fails to allege the existence of a predicate federal action that could have triggered NEPA review. In fact, the Complaint affirmatively alleges that such an action has *not* occurred. Compl. 5, 6. The Court should dismiss Count III.

### d.  Count IV States No Plausible Claim Under the NGA.

Plaintiffs effectively concede that Count IV fails to plausibly allege a violation of the NGA. They claim to "seek prospective relief requiring compliance with federal law before federal

12

approvals are issued." Opp. 10. This is plainly not a colorable claim of a legal violation. *Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level" to survive a motion to dismiss); *see also Iqbal*, 556 U.S. at 687. The Court should dismiss Count IV.

### III. Conclusion

For all the foregoing reasons, the Court should dismiss the Complaint in its entirety.


Dated: June 12, 2026                     Respectfully Submitted,

                                         ADAM R.F. GUSTAFSON
                                         Principal Deputy Assistant Attorney General

                                         */s/ Christing W. Ennis*
                                         Christine W. Ennis

                                         */s/ Robert P. Williams*
                                         Robert P. Williams

                                         UNITED STATES DEPARTMENT OF JUSTICE
                                         Environment and Natural Resources Division
                                         P.O. Box 7611
                                         Washington, D.C. 20044-7611
                                         (202) 598-7342 (Ennis)
                                         (202) 532-3101 (Williams)
                                         christine.ennis@usdoj.gov
                                         robert.p.williams@usdoj.gov

                                         MOORE CAPITO
                                         United States Attorney

                                         */s/Jason S. Bailey*
                                         Assistant United States Attorney
                                         W. Va. Bar No. 13582
                                         United States Attorney's Office
                                         300 Virginia Street, East, Room 4000
                                         Charleston, WV 25301
                                         (304) 345-2200 / (304) 347-5443 (fax)
                                         jason.bailey2@usdoj.gov
                                         *Counsel for Federal Defendants*

13

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### HUNTINGTON DIVISION

DANNY HATFIELD, MARTHA
BROWNING, SHEILA MILLER, CHRIS
COHENOUR, TINA COHENOUR, JARED
CALLOWAY, STEWART JOHNSON,
JOSHUA VANCE, and BILL GILKERSON,

        Plaintiffs,

        v.

UNITED STATES ARMY CORPS OF
ENGINEERS – HUNTINGTON DISTRICT,
UNITED STATES FISH AND WILDLIFE
SERVICE, and FEDERAL ENERGY
REGULATORY COMMISSION,

        Defendants.

Civil Action No. 3:25-0714

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2026, I electronically filed the foregoing "FEDERAL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS," using the CM/ECF system, which will notify all counsel of record.

                              */s/Jason S. Bailey*
                              Assistant United States Attorney

14