**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

DANNY HATFIELD,
MARTHA BROWNING,
SHEILA MILLER,
CHRIS COHENOUR,
TINA COHENOUR,
JARED CALLOWAY,
STEWART JOHNSON,
JOSHUA VANCE, and
BILL GILKERSON,

          Plaintiffs,

v.                               CIVIL ACTION NO. 3:25-0714

TRANSGAS DEVELOPMENT SYSTEMS, LLC,
U.S. ARMY CORPS OF ENGINEERS – Huntington District,
U.S. FISH & WILDLIFE SERVICE,
FEDERAL ENERGY REGULATORY COMMISSION,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed this action seeking to prevent Defendant TransGas Development Systems, LLC from constructing a power plant, ammonia facility, and data centers (collectively, the "Adams Fork Energy Project") until the Project satisfies certain federal requirements. *See* ECF No. 1, Compl. 1–2, 7. Plaintiffs sued TransGas and three federal agencies. *See id.* at 1. According to Plaintiffs, these agencies must approve the project before it can move forward. *See id.* at 5.

The federal defendants have moved to dismiss Plaintiffs' suit on jurisdictional grounds.[1] *See* ECF No. 29, Defs.' Mem. 1. Indeed, Plaintiffs have failed to show that the Court has

---

[1] The Government also argues Plaintiffs' claims should be dismissed because Plaintiffs failed to (1) comply with the claiming-processing rules of the Endangered Species Act and Clean Water Act, (2) state a claim upon which relief can be granted and (3) properly serve the federal defendants. *See* ECF No. 29, at 1–2. Since the Court will grant the

jurisdiction over their claims against the federal defendants. Accordingly, the Court will **GRANT** the Government's Motion.

## BACKGROUND

According to Plaintiffs, TransGas is planning to construct "a 117-engine power plant and ammonia facility with associated data centers near Wharncliffe and the Mingo–Logan County line." Compl. 2. Plaintiffs allege that the Project "requires placement of fill, grading, culvert installation, and other disturbances to jurisdictional streams, wetlands, and mine-drainage channels . . . ." *Id.* at 6. They also assert the Project will be near the habitats of three endangered species: the Guyandotte Crayfish, the Grey Bat, and the Northern Long-Eared Bat. *See id.* at 4–5.

Plaintiffs allege the federal defendants in this case—the U.S. Army Corps of Engineers (USACE), U.S. Fish and Wildlife Service (USFWS), and Federal Regulatory Energy Commission (FERC)—have violated federal law by failing to undertake certain processes which, according to Plaintiffs, must be completed before TransGas can begin construction. *See id.* at 5–7.

Plaintiffs' Complaint includes four counts. *See id.* Count I alleges the USACE and USFWS violated § 7 of the Endangered Species Act (ESA), 16 U.S.C. § 1536. *See id.* at 5. Section 7 of the ESA requires federal agencies to consult with the Department of the Interior or the Department of Commerce to ensure that actions they take will not "jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of [critical] habitat of such species . . . ." 16 U.S.C. § 1536(a)(2).

Count II asserts the USACE violated § 404 of the Clean Water Act (CWA), 33 U.S.C. § 1344. *See* Compl. 6. Section 404 of the CWA governs permits "for the discharge of dredged or fill material into . . . navigable waters . . ." 33 U.S.C. § 1344(a).

---

Government's Motion on jurisdictional grounds, the Court will not address the Government's other arguments.

Count III claims the USACE and USFWS violated the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 et seq., by failing to issue "an Environmental Assessment or Environmental Impact Statement" about the Adams Fork Energy Project. *See* Compl. 6. NEPA requires federal agencies to assess the potential environmental impact of any "major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(C).

Count IV alleges FERC violated the Natural Gas Act (NGA), 15 U.S.C. § 717, et seq. *See* Compl. 7. The NGA requires a company to obtain a permit from FERC before constructing or expanding an interstate natural-gas pipeline. *See* 15 U.S.C. § 717f(c)(1).

The Court previously dismissed Plaintiffs' claims against TransGas, concluding Plaintiffs failed to show they had standing to sue. *See* ECF No. 21, at 1. The Government has now moved to dismiss Plaintiffs' claims against the federal defendants. *See* ECF No. 28. It argues the Court lacks subject-matter jurisdiction over those claims. *See id.* at 1–2.

**LEGAL STANDARD**

"Subject matter jurisdiction defines the court's authority to hear a given type of case . . . ." *Carsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984)). A party may move to dismiss a case for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). A 12(b)(1) motion can take two different forms:

> A "facial attack" questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction. If a "facial attack" is made, the court must accept the allegations in the complaint as true and decide if the complaint is sufficient to confer subject matter jurisdiction. On the other hand, a "factual attack" challenges the truthfulness of the factual allegations in the complaint upon which subject matter jurisdiction is based. In this situation, a "district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."

*Adkins v. United States*, 923 F. Supp. 2d 853, 856–57 (S.D. W. Va. 2013) (internal citations omitted) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Here, the Government is raising a facial attack. *See* Def.'s Mem. 1.

**ANALYSIS**

The Government argues the Court lacks subject-matter jurisdiction over Plaintiffs' lawsuit for three reasons: (1) Plaintiffs have not shown they have standing to sue, (2) the federal defendants have sovereign immunity with respect to Plaintiffs' claims, and (3) either the United States Court of Appeals for the Fourth Circuit or the United States Court of Appeals for the District of Columbia has exclusive jurisdiction over Plaintiffs' claims. *See id.* at 6, 11–13. The Court addresses each argument in turn.

### A.  Plaintiffs Have Not Shown They Have Standing

"The Constitution limits federal courts to deciding 'Cases' and 'Controversies.'" *Bost v. Ill. Bd. of Elections*, 607 U.S. 71, 83 (2026) (Barrett, J., concurring) (quoting U.S. Const. Art. III, § 2). "To satisfy this requirement, a plaintiff must show (among other things) that he has suffered an actual injury—put colloquially, he must be able to answer the basic question 'What's it to you?'" *Id.* Courts "give content to that maxim by requiring a plaintiff to show a 'concrete, particularized, and actual or imminent' injury." *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). "Threatened injury must be *certainly impending* to constitute [actual] injury . . . ." *Clapper*, 568 U.S. at 409 (emphasis in original) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). "'[A]llegations of *possible* future injury' are not sufficient." *Id.* (emphasis in original) (quoting *Whitmore*, 495 U.S. at 158).

Even though "[i]n the environmental litigation context, the standing requirements are not onerous," *Am. Canoe Ass'n v' Murphy Farms*, 326 F.3d 505, 517 (4th Cir. 2003), a plaintiff must

-4-

"plausibly allege[] either an economic or environmental injury sufficient to establish[] standing," *N.C. Fisheries Ass'n, Inc. v. Pritzker*, No. 4:14-CV-138, 2015 WL 4488509, at \*4 (E.D.N.C. July 22, 2015). He must also "differentiate [himself] from the mass of people who may find the conduct [complained of] objectionable only in an abstract sense." *Id.* at \*5 (quoting *Friends of the Earth v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 156 (4th Cir. 2000)).

Plaintiffs assert they are being injured by the "deprivation of the procedural protections Congress required before a project" like the Adams Fork Energy Project "may lawfully proceed." ECF No. 31, Pls.' Resp. 5. While "deprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing," *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009), such a deprivation can confer standing when it increases the risk that a plaintiff will experience a concrete harm in the future, *see Spokeo, Inc. v. Robins*, 576 U.S. 330, 341–42 (2016).

Here, Plaintiffs have not established they have standing because they have not plausibly alleged the federal defendants are likely to violate federal law. As the Court explained in ruling on TransGas's Motion to Dismiss:

> Plaintiffs assert that TransGas's Project requires placement of fill in jurisdictional streams, and that TransGas has yet to secure a CWA § 404 permit for the Project. But Plaintiffs do not allege that, by the time TransGas begins placing fill, it will still have no § 404 permit. Similarly, Plaintiffs allege that the USACE has yet to consult with the USFWS about issuing a § 404 permit to TransGas. But they do not allege that the USACE will, in fact, issue a § 404 permit to TransGas before consulting with the USFWS.

ECF No. 21, at 5 (cleaned up). In addition, Plaintiffs have not alleged that any of the defendants will issue a permit for the Project before satisfying NEPA requirements. Nor do they allege TransGas will construct or expand an interstate natural-gas pipeline before getting FERC approval. Since Plaintiffs have not alleged Defendants are likely to violate any procedural requirements, they

have not alleged concrete injury. *See Women's Student Union v. U.S. Dept. of Educ.*, No. 21-cv-01626, 2022 WL 484956, at *7 (N.D. Cal. Feb 16, 2022) (holding a plaintiff lacked standing because "it [did] not allege a 'violation of a statute or regulation that guarantees a particular procedure'" (emphasis in original omitted) (quoting *Californians for Renewable Energy v. U.S. Env't Prot. Agency*, No: C 15-3292, 2018 WL 1586211, at *7 (N.D. Cal. Mar. 30, 2018))).

The Court previously found that, [e]ven if Plaintiffs had alleged Defendants would violate some procedural requirement, Plaintiffs have not established such a violation would increase their risk of suffering a particularized injury." ECF No. 21, at 6; *see also id.* ("Plaintiffs' mere proximity to the site is insufficient to show they would experience particularized injury if Defendants violated the CWA and ESA."); *id.* ("Plaintiffs have merely pointed out that they live near the proposed project site; they have not expressed any particular interest in the nearby water and wildlife."). The Court's reasoning applies with equal force to Plaintiffs' claims against the federal defendants.

Since Plaintiffs have not shown they have standing, the Court lacks jurisdiction over their claims. *See Trantham v. Tate*, 112 F.4th 223, 231 (4th Cir. 2024) ("[S]tanding is jurisdictional . . . .").

**B. The Federal Defendants Are Immune from Plaintiffs' Claims**

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "[A] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . ." *Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008) (quoting *Lane v. Peña*, 518 U.S. 187, 192 (1996)).

"The Administrative Procedure Act ("APA") waives the federal government's sovereign immunity 'to permit judicial review of only final agency actions.'"[2]

---

[2] While Plaintiffs allege the federal defendants have violated the ESA, the CWA, NEPA, and the NGA in addition to the APA, *see* Compl. 6–8, they have not argued any of those statutes waives the federal government's sovereign

*Jake's Fireworks, Inc. v. U.S. Consumer Prod. Safety Comm'n*, 105 F.4th 627, 631 (4th Cir. 2024) (quoting *Nat'l Veterans Legal Servs. Program v. U.S. Dep't of Def.*, 990 F.3d 834, 839 (4th Cir. 2021)). Plaintiffs acknowledge they do not challenge a final agency action. *See* Pls.' Resp. 6. Accordingly, the APA does not waive sovereign immunity in this case, and the Court lacks jurisdiction. *See United States v. Jones*, 225 F.3d 468, 469 (4th Cir. 2000) ("Sovereign immunity deprives a court of jurisdiction.").

## C. A Court of Appeals Does Not Have Exclusive Jurisdiction over This Suit

The Government suggests the NGA gives either the Fourth Circuit or the D.C. Circuit original and exclusive jurisdiction over Plaintiffs' claims. *See* Defs.' Mem. 12–13. The NGA provides that a party "aggrieved by [a] [FERC] order . . . may obtain a review of such order in the court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia . . . ." 15 U.S.C. § 717r(b). The Fourth Circuit has held that this provision gives courts of appeals "exclusive jurisdiction" over challenges to FERC orders. *Berkely v. Mountain Valley Pipeline, LLC*, 896 F.3d 624, 630 (4th Cir. 2018). The courts of appeals also have exclusive jurisdiction over any other federal approvals for interstate natural-gas facilities:

> The United States Court of Appeals for the circuit in which a facility is proposed to be constructed, expanded, or operated shall have original and exclusive jurisdiction over any civil action for the review of an order or action of a Federal agency (other than [FERC]) . . . to issue, condition, or deny any permit, license, concurrence, or approval required under Federal law . . . .

15 U.S.C. 717r(d)(1). In addition, the NGA gives the D.C. Circuit:

---

immunity.

[O]riginal and exclusive jurisdiction over any civil action for the review of an alleged failure to act by a Federal agency (other than [FERC]) . . . to issue, condition, or deny any permit required under Federal law . . . for a facility subject to section 717b of this title or section 717f of this title.

*Id.* § 717r(d)(2).

None of these provisions apply to this case. According to Plaintiffs' Complaint, FERC has not issued an order approving the Adams Fork Energy Project. *See* Compl. 5. Thus, § 717r(b), which deals with challenges to FERC orders, does not apply. Nor does § 717r(d)(1) apply, as Plaintiffs do not challenge any "order or action of a Federal agency." Finally, even though Plaintiffs challenge "an alleged failure to act by a Federal agency," § 717r(d)(2) does not apply because Plaintiffs have not alleged the Project is a facility subject to §§ 717b or 717f; Plaintiffs do not claim the Project is currently importing or exporting natural gas, *see* 15 U.S.C. § 717b, nor do they claim the Project is already being used to transport or sell natural gas, *see id.* § 717f(c)(1)(A).

Since the NGA's jurisdiction-stripping provisions do not apply to Plaintiffs' claims, the Court does not agree that a federal court of appeals has exclusive jurisdiction over Plaintiffs' lawsuit. The Court will not grant the Government's Motion on that basis.

## CONCLUSION

The Court **GRANTS** Federal Defendants' Motion to Dismiss (ECF No. 28). The Court **DISMISSES** Plaintiffs' Complaint **without prejudice**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        June 22, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-8-